SEMINOLE COUNTY, OKLAHOMA
**FILED**
IN DISTRICT COURT

JUL 0 6 2015

KIM A. DAVIS, COURT CLERK
BY_____*Am*_____DEPUTY

IN THE DISTRICT COURT OF SEMINOLE COUNTY
STATE OF OKLAHOMA

MELVIN PLUMEE,                                )
                                             )
          Plaintiff,                          )
                                             )
vs.                                           )     CASE NO.: CJ-2015- 90
                                             )
MARKEL AMERICAN INSURANCE                     )
COMPANY, a Virginia corporation,              )
MERIDIAN CLAIMS SERVICE, LLC,                 )
an Oklahoma limited liability company,        )
and HINSON INSURANCE AGENCY,                  )
INC. an Oklahoma corporation,                 )
                                             )
          Defendants.                         )

## PETITION

COMES NOW **Melvin Plumee** (hereinafter "Plaintiff"), and for his causes of action herein against the Defendants named above and complains of Markel American Insurance Company (hereinafter "Markel"), Meridian Claims Service, LLC (herein after "Meridian") and Hinson Insurance Agency, Inc. (hereinafter "Hinson"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff invokes the State Court's jurisdiction with respect to claims based upon the common law and statutory law of Oklahoma.

2. This action seeks equitable and injunctive relief, compensatory and punitive damages in excess of $75,000.00, plus attorney fees and costs for the acts committed by the above named Defendants.

3. All actions about which the Plaintiff complains occurred in the County of Seminole, State of Oklahoma, and therefore venue is proper.

4. That the Plaintiff was at all times hereinafter mentioned, and is now a resident of the State of Oklahoma.

5. That the Defendant, Markel, is a Virginia corporation and was at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the state of Oklahoma.

6. That the Defendant, Meridian, is an Oklahoma limited liability company and was at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the state of Oklahoma.

7. That the Defendant, Hinson, is an Oklahoma limited liability company and was at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the state of Oklahoma.

## BACKGROUND

8. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 1/4 SEC 31 TWN 9N 7E, Seminole, Oklahoma 74868, (the "Property"). In addition to seeking economic and punitive damages from Markel, Plaintiff also seeks compensation from Markel for damages caused by improperly investigating the extensive losses associated with this case.

9. Plaintiff owns the Property.

10. Prior to the occurrence in question, Plaintiff purchased an insurance policy from Markel based on recommendations and advise from Hinson. The policy was purchased to cover the Property at issue in this case for a loss due to a storm-related event.

11. Plaintiff's Property suffered storm-related damage. Through his residential policy, Policy number MMH00000174828, Plaintiff was objectively insured for the subject loss by Markel.

12. On or around March 31, 2015, the Property suffered incredible damage due to storm related conditions. Claim No. 15C0771.

13. Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question and was in full force and effect at the time of loss.

14. Meridian, acting as an independent adjuster, conducted an evaluation and prepared a report of the subject property with a predisposed results oriented outcome to denying the claim.

15. Despite Plaintiff's efforts, Markel continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

16. Moreover, Markel has failed to make any reasonable attempt to settle Plaintiff's claim in a fair or timely manner, although its liability to the Plaintiff under the policy is without dispute.

17. In the months following, Plaintiff provided information to Markel, as well as, provided opportunities for Markel to inspect the Property. However, Markel failed to conduct a fair investigation into the damage to the Property. Moreover, Markel failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claim.

18. Despite Markel's improprieties, Plaintiff continued to provide information regarding the loss and the related claim to Markel. Further, Plaintiff made inquiries regarding the status of the loss, and payments. Regardless, Markel failed and refused to respond to the inquiries, and failed to properly adjust the claim and the loss. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

19. Markel has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Markel has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Markel did not communicate that any future settlements or payments would be forthcoming to pay the entire loss covered under the policy.

20. Markel has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Markel in a timely manner.

21. Markel has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff timely paid, even though it was Markel that failed to conduct a reasonable investigation. Ultimately, Markel and Meridian performed a results-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's loss.

22. Markel has failed to meet its obligations under the Oklahoma Fair Claims Protection Act, 36 O.S. § 1250.7, regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute.

23. As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Markel. Unfortunately, Plaintiff has now been forced to hire an attorney in order to file this suit to recover damages arising from the above conduct, as well as, overall from Markel's unfair refusal to pay insurance benefits.

24. In addition, Hinson failed to recommend the proper coverage and/or Markel failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under Oklahoma common law, the Oklahoma Consumer

Protection Act ("OCPA"), the Oklahoma Insurance Code and the Oklahoma Administrative Code.

## CLAIMS AGAINST DEFENDANTS

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

26. Markel has and owes a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Markel breached its duty in a number of ways, including, but not limited to, the following:

    a.    Markel was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

    b.    Markel had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

    c.    Markel failed to properly complete all adjusting activities associated with Plaintiff.

27. Meridian had a duty and responsibility to inspect and conduct a complete and thorough investigation, free from a result-oriented outcome to the Plaintiff's detriment. Plaintiff had a good faith expectation his insurance claim would be adjusted properly and free from bias and predisposed results, by an independent adjuster. Plaintiff has suffered direct harm as a result of Meridian's intentional and egregious acts in investigating Plaintiff's claim.

28. Hinson is a licensed insurance agency within the state of Oklahoma and via this license possesses, or, should possess, a superior knowledge of the industry, coverages, companies and adjustment process, in order to adequately and properly insure and protect Plaintiff's interest. Plaintiff had a good faith belief after Hinson took his pertinent information, recommended the policy, selected the policy and enrolled him in the policy, that he had adequate coverage for the insured Property and its possible loss.

29. In fact, Hinson failed to evaluate, recommend, and select the proper coverage for Plaintiff, in the event Plaintiff should suffer a loss.  Plaintiff therefore relied on Hinson's representations, as experts in the field of insurance, to his detriment causing Plaintiff direct harm.

30. Meridian colluded with Markel to determine the claim would not be paid prior to Meridian conducting its inspection and investigation of the Property.  Meridian, in concert and conjunction with Markel, conducted a result-oriented investigation, generated a result-oriented report resulting in denial of Plaintiff's claims. These actions, are directly in opposition to the rights conferred under the policy with Markel, to protect the interest of the insured over their own.  Such investigations and actions, should be conducted to ensure coverage for a covered loss and not to deny coverage.  The actions therefore, of Meridian and Markel, both in their inspection and result-oriented finding, have caused harm to the Plaintiff.

31. Markel, Meridian and Hinson's acts, omissions, and/or breaches did great damage to Plaintiff, and were a direct and/or proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

33. According to the policy that Plaintiff purchased, Markel had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claim made due to the extensive storm-related damages.

34. As a result of the storm-related event, Plaintiff's Property suffered extreme external and/or internal damages.

35. Despite objective evidence of such damages, Markel has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to

properly repair Plaintiff's Property, as well as, for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VIOLATIONS OF THE OKLAHOMA CONSUMER PROTECTION ACT

36. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

37. Markel's collective actions constitute violations of the OCPA, including, but not limited to, 15 O.S. §§ 753 and 761.1(c). Markel collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Oklahoma Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Markel in low-balling and/or denying Plaintiff's damage claim.

38. As alleged by Plaintiff in his Petition, Markel represented to Plaintiff its insurance policy and Markel's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives the Plaintiff the right to recover under 15 O.S. §§ 753 and 761.1(c) of

7

the OCPA.

39. As Plaintiff described in his Petition, Markel represented to Plaintiff that its insurance policy and Markel's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of 15 O.S. §§ 753 and 761.1(c) of the OCPA.

40. By representing that Markel would pay the entire amount needed by Plaintiff, to repair the damages caused by the storm-related event and then not doing so, Markel has violated 15 O.S. §§ 753 and 761.1(c) of the OCPA.

41. Markel has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under 15 O.S. §§ 753 and 761.1(c) of the OCPA.

42. Markel's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Markel's unconscionable conduct gives Plaintiff the right to relief under 15 O.S. § 761.1(c) of the OCPA.

43. Markel's conduct, acts, omissions, and failures, as described by Plaintiff in this Petition, are unfair practices in the business of insurance in violation of 15 O.S. § 753 and Title 36 of the Oklahoma Insurance Code.

44. As alleged by Plaintiff in his Petition, Hinson represented to Plaintiff it possessed knowledge and superior understanding of the insurance industry, policies, required and preferred coverages and was uniquely positioned to best meet Plaintiff's insurance needs, when, in fact, it did not possess those characteristics or benefits, which gives the Plaintiff the right to recover under 15 O.S. §§ 753 and 761.1(c) of the OCPA.

45. The Plaintiff is a consumer, as defined under the OCPA, and relied upon these false, misleading, or deceptive acts or practices made by Markel and Hinson to his detriment. As a direct and proximate result of Markel and Hinson's collective acts and conduct, Plaintiff has been damaged in an amount in excess of $75,000.00. All of the above-described acts, omissions, and failures of Markel and Hinson are a producing cause of Plaintiff's damages that are described in this Petition.

46. Because Markel and Hinson's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional punitive damages, in an amount in excess of $75,000.00 for Markel and Hinson having knowingly committed such conduct.

47. As a result of Markel and Hinson's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorney to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable attorney fees as permitted under Oklahoma Statutes, 12 O.S. § 936 and Oklahoma Consumer Protection Act, 15 O.S. § 761.1(c), as well as, any other such damages to which Plaintiff may be entitled at law and in equity.

## BREACH OF GOOD FAITH AND FAIR DEALING

48. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

49. Markel's actions constitute violations of the Oklahoma Unfair Claims Settlement Practices Act (the "Act"), 36 O.S. §§ 1250.1 - 1250.6. Specifically, Markel engaged in unfair or deceptive acts or practices that include, but are not limited to, the following violations of 36 O.S. § 1250.5:

1.  Failing to fully disclose to first party claimants, benefits, coverages, or other provisions of any insurance policy or insurance contract when the benefits, coverages or other provisions are pertinent to a claim;

2.  Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;

3.  Failing to adopt and implement reasonable standards for prompt investigations of claims arising under its insurance policies or insurance contracts;

4.  Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

6.  Denying a claim for failure to exhibit the property without proof of demand and unfounded refusal by a claimant to do so;

7.  Except where there is a time limit specified in the policy, making statements, written or otherwise, which require a claimant to give written notice of loss or proof of loss within a specified time limit and which seek to relieve the company of its obligations if the time limit is not complied with unless the failure to comply with the time limit prejudices the rights of an insurer;

8.  Requesting a claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment; and

13.  Compelling, without just cause, policyholders to institute suits to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the amounts ultimately recovered in suits brought by them, when the policyholders have made claims for amounts reasonably similar to the amounts ultimately recovered.

50. Plaintiff is the insured or beneficiary of a valid claim. Plaintiff relied upon the unauthorized, unfair and deceptive acts and practices of Markel, to his detriment.

51. Plaintiff recognizes a private cause of action does not exist under the Oklahoma Unfair Claims Settlement Practices Act, however; Markel's violations of the Act is evidence of its intentional bad faith acts against the Plaintiff.

52. In *Christian v. American Home Assur. Co.*, 577 P.2d 899, 1977 Okla. 141 (1977), the Supreme Court of Oklahoma first held an insurer has an implied duty to deal fairly and act in good faith

with it's insured. *Christian's* prodigy has continued to affirm an insurer's duty; including that of Markel to deal fairly and act in good faith with its insured, the Plaintiff.

53. By its intentional acts, omissions, failures and conduct, Markel has breached duty of good faith and fair dealing by denying Plaintiff's claim or inadequately adjusting and making an offer on Plaintiff's claim without any reasonable basis, by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial and by failing to consider the needs of its insured equal to its own needs.

54. Markel has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim, as Markel knew, or, should have known, that it was reasonably clear that Plaintiff's storm-related claim was covered. These acts, omissions, failures, and conduct by Markel are a proximate cause of Plaintiff's damages.

55. Markel is also guilty of the following unfair insurance practices:

   a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

   b. Engaging in unfair claims settlement practices;

   c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

   d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim as to which Markel's liability had become reasonably clear;

   e. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

   f. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and/or

   h. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

11

56. Markel's reckless disregard and violation of its duty of good faith and fair dealing is the direct cause of injury to the Plaintiff. Plaintiff has suffered financial loss due to Markel not dealing in good faith. As a direct and proximate result of Markel's collective acts and conduct, Plaintiff has been damaged in an amount in excess of $75,000.00.

## BREACH OF FIDUCIARY DUTY

57. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

58. Markel has a fiduciary relationship, or, in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Markel owes a duty of good faith and fair dealing to Plaintiff. Markel breached that fiduciary in that:

    a.    The transaction was not fair and equitable to Plaintiff;

    b.    Markel did not make reasonable use of the confidence that Plaintiff placed upon it;

    c.    Markel did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.    Markel did not place the interests of Plaintiff before its own and Markel used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.    Markel placed itself in a position where its self-interest might conflict with its obligations as a fiduciary;

    f.    Markel did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy; and/or

    g.    Markel is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Markel's conduct.

## MISREPRESENTATION

59. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

12

60. Hinson is liable to Plaintiff under the theories of intentional misrepresentation, or, in the alternative, negligent misrepresentation. Essentially, Hinson did not inform Plaintiff of certain exclusions in the policy.

61. Misrepresentations were made by Hinson with the intention that they should be relied upon and acted upon by Plaintiff who relied on these misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including, but not limited to, loss of the Property, loss of use of the Property, mental anguish and attorney fees. Hinson and/or Markel are liable for these actual, consequential and punitive damages.

62. Markel is liable to Plaintiff under the theories of intentional misrepresentation, or, in the alternative, negligent misrepresentation. Essentially, Markel did not inform Plaintiff of certain exclusions in the policy.

63. Misrepresentations were made by Markel with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including, but not limited to, loss of the Property, loss of use of the Property, mental anguish and attorney fees. Markel and/or Hinson are liable for these actual consequential and punitive damages.

## WAIVER AND ESTOPPEL

64. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

65. Markel has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

66. Markel, Hinson and Meridian's acts have been the producing and/or proximate cause of damage to Plaintiff and Plaintiff seeks an amount in excess of the $75,000.00 for each cause

of action.

67. Markel, Hinson and Meridian's have acted with malice and in bad faith and should be punished for the benefit of society and to make an example to others to deter similar conduct in an amount in excess of $75,000.00 pursuant to Oklahoma Statue 23 O.S. § 9.1.

68. Markel, Hinson and Meridian's conduct was committed knowingly and intentionally. Accordingly, Markel is liable for additional damages under the OCPA, 15 O.S. § 761.1(c), as well as, all operative provisions of the Oklahoma Insurance Code. Plaintiff is, thus, clearly entitled to the punitive damages allowed by the aforementioned section of the OCPA.

## ATTORNEY FEES AND COST

69. In addition, Plaintiff is entitled to all reasonable and necessary attorney fees and costs pursuant to the Oklahoma Statutes, 12 O.S. § 936 and 15 O.S. § 761.1(c).

## CONCLUSION

70. Plaintiff prays that judgment be entered against Markel, Hinson and Meridian and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Petition.

## PRAYER

**WHEREFORE**, Plaintiff prays for a ruling by the Court that Markel breached its contractual duty to pay for the loss incurred under the policy, acted in bad faith in breach of an insurance contract, committed fraud, violated Oklahoma Unfair Claims Settlement Practices Act, Oklahoma Consumer Protection Act, and became unjustly enriched, all at the expense of the Plaintiff; award Plaintiff actual damages in excess of $75,000.00 for each act, plus punitive damages and other damages such as mental anguish, all total greater than $75,000.00; that Hinson

14

violated the Oklahoma Consumer Protection Act and committed misrepresentation, at the expense of Plaintiff; award Plaintiff actual damages in excess of $75,000.00 for each act, plus punitive damages and other damages such as mental anguish, all total greater than $75,000.00; that Meridian colluded with Markel by conducting a result-oriented investigation with an eye to denying coverage resulting in damages to Plaintiff in excess of $75,000.00; that Plaintiff should be awarded reasonable attorney fees and costs of this action, plus such other and further relief as the Court may deem equitable in the circumstances.

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

RESPECTFULLY SUBMITTED,

BEN BAKER, OBA #21475
109 North Second Street
Purcell, Oklahoma 73080
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
*Attorney for Plaintiff*